UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| Toho Tenax America, Inc., </br></br> Plaintiff, </br></br> vs. </br></br> Linde, Inc., </br></br> Defendant. | CIVIL ACTION NO.: 3:12-cv-157 </br></br> **Plaintiff's Response in Opposition to Defendant's Motion and Memorandum of Law in Support of Dismissal of Plaintiff's Amended Complaint** |

Comes Plaintiff, Toho Tenax America, Inc. ("Toho Tenax"), by and through counsel and hereby responds to the Memorandum of Law in Support of Dismissal of Plaintiff's Amended Complaint ("Motion to Dismiss") filed by Defendant, Linde, Inc., as follows:

Defendant's Motion to Dismiss blatantly mischaracterizes both the factual allegations present in Toho Tenax's Amended Complaint and the underlying legal principles that support Toho Tenax's claim. Accordingly, Plaintiff would respectfully show that Defendant's Motion to Dismiss should be denied.

I.   **Rule 12(b)(6) Legal Standard**

Fed R. Civ. P. 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In the past five years, the United States Supreme Court has clarified the standard for sufficiency of pleadings under Rule 8 to overcome a Rule 12(b)(6) motion for failure to state a claim in *Bell Atlantic Corporation v. Twombly*[1] and *Ashcroft v. Iqbal*.[2]

---

[1] 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

*Twombly* abrogated the prior rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In place of *Conley*'s "no set of facts" rule, the Court in *Twombly* stated that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

> The Court further clarified its ruling, stating that
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. "[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555-56 (internal quotations and citations omitted).

Importantly, *Twombly* addressed a Sherman Act antitrust claim. The Supreme Court dismissed plaintiffs' claim on the fact that plaintiffs merely alleged that defendants engaged in parallel action (i.e., doing the same thing at the same time) without directly alleging concerted action (the latter being required to show conspiracy). According to the Court, without a direct allegation of concerted action, plaintiffs had only stated a "conceivable" claim rather than a "plausible" one, which was not sufficient for 12(b)(6) purposes.

---

[2] 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009). *Iqbal* essentially restated the *Twombly* rule for all civil cases, so Toho Tenax will refer only to *Twombly* hereafter.

There is no such subtlety involved in this matter. In its Amended Complaint, Toho Tenax directly alleges that its former employee did not have any authority to enter into the contract extension at issue (hereinafter "the Purported Amendment") on Toho Tenax's behalf, and additionally provides the factual basis for its claim.

Defendant grounds its Motion to Dismiss on two faulty assertions: 1) that Toho Tenax did not allege facts related to its employee's lack of authority to enter into the Purported Amendment at issue in this matter;[3] and 2) that Toho Tenax did not act to declare the Purported Amendment unenforceable until four years after the extension was executed by Toho Tenax's unauthorized employee. Each will be addressed in turn.

## II. <u>Factual Allegations Related to Toho Tenax Employee's Lack of Authority to Enter Into the Contract Extension are Sufficient Under Fed. R. Civ. P. 8 and 12, and Tennessee Law</u>

Defendant's Motion to Dismiss misconstrues Tennessee agency law. Under Tennessee law, <u>the party claiming that an agency relationship exists by apparent authority bears the burden of proving apparent authority</u>. *Durham v. Waddell & Reed, Inc.*, 723 S.W.2d 129, 131 (Tenn. Ct. App. 1986) (citing *Sloan v. Hall*, 673 S.W.2d 548, 551 (Tenn.App.1984)(emphasis added)). Here, that burden is on Defendant.

In this matter, Toho Tenax avers that its former employee lacked requisite authority to enter into the Purported Amendment. *See Amended Complaint* at ¶¶ 16-19. According to Tennessee law, <u>Defendant</u> bears the burden of proving that Toho Tenax's former employee possessed <u>apparent</u> authority through evidence of the principal's actions. The more stringent standards for complying with Rule 8 under *Twombly* do not

---

[3] The Motion to Dismiss states that "Toho simultaneously fails to proffer any evidence that Toho or its predecessors timely provided notice of that internal restriction to Linde or its predecessors." Motion to Dismiss at 6.

add to Toho Tenax's pleading obligations a necessity to prove a negative (i.e., that its employee <u>did not</u> possess apparent authority) or to plead Defendant's case.

Indeed, as Defendant had the burden of proof on this matter, it is Defendant who must comply with F.R.C.P 8(c) which places the burden of pleading a matter of avoidance of a claim on the party with the burden of proof. A 12(b)(6) motion "is generally an inappropriate vehicle" for dismissal of a complaint on an affirmative defense unless the allegations of the complaint "affirmatively show" that the affirmative defense applies. *Cataldo v. U.S. Steel Corp.*, 675 F.3d 542, 547 (6th Cir. 2012)(discussing the affirmative defense of statute of limitations). The complaint in such circumstances must show "that the plaintiff can prove *no* set of facts that would entitle him to relief." *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)(quotations and citations omitted). *See Caldwell v. Rowland*, 932 F.Supp. 1018 (E.D. Tenn. 1996)(wherein District Court denied motion to dismiss on affirmative defense). Accordingly, Defendant's Motion to Dismiss should be denied.

However, even if the burden of showing apparent authority did not lie with Defendant, Toho Tenax did plead "enough facts to state a claim to relief that is plausible on its face" as required to overcome a 12(b)(6) motion under *Twombly,* 550 U.S. at 570.[4] To prove apparent authority under Tennessee law, a party must show that "(1) the principal actually or negligently acquiesced in another party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent

---

[4] Toho has alleged that Defendant knew or should have known that the former employee did not have actual or apparent authority to enter into the Purported Amendment (*see Amended Complaint*, ¶ 23) and has alleged facts that plausibly support this assertion. Plaintiff would respectfully show that the burden of proving the existence of apparent authority remains with Defendant.

4
Case 3:12-cv-00157-TAV-HBG   Document 13   Filed 07/30/12   Page 4 of 11   PageID #: 105

agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment." *Mechanics Laundry Service v. Auto Glass Co. of Memphis, Inc.*, 98 S.W.3d 151, 157 (Tenn. Ct. App. 2002)(quoting *White v. Methodist Hospital S.*, 844 S.W.2d 642, 646 (Tenn. Ct. App. 1992) and citing *Oppenheimer v. Wooline,* 4 Tenn. Civ. App. 134 (1834)).

This test sets forth the burden of proof for a party claiming that apparent authority <u>existed</u>. Defendant attempts to turn this test on its head by asserting that Toho Tenax is required to negate the elements of apparent authority in its Amended Complaint. Even though not required to do so under Tennessee law, Toho Tenax has alleged facts that negate the first and second elements of the apparent authority test, either of which would be sufficient to establish that no apparent authority exists.

With regard to the first element, which is whether the principal acquiesced to a party's exercise of authority, Toho Tenax alleged in its Amended Complaint that 1) its president was not aware that its former employee had entered into the Purported Amendment; 2) that the former employee failed to notify, or obtain the consent of, duly authorized Toho Tenax agents to enter into the Purported Amendment; and 3) that shortly after learning the former employee had entered into the Purported Amendment, the president of Toho Tenax notified Defendant that the amendment was not authorized. *See Amended Complaint* at ¶¶ 19-22. These allegations, which must be accepted as true when considering a 12(b)(6) motion, show that Toho Tenax's principals did not know of the Purported Amendment until 2011 and then timely acted once they made the discovery.

Toho Tenax also set forth facts which, when taken as true, negate the second element of the apparent authority test. Specifically, in Paragraph 10 of its Amended Complaint, Toho Tenax alleged that the original agreement with Toho Tenax's corporate predecessor required the signatures of two duly authorized officers of the company, one from its U.S. General Manager and another from the President of its worldwide operations. In other words, the original agreement under which Defendant had been performing for years and for which it sought an extension in 2008, explicitly evidenced to Defendant that Toho Tenax required greater authority than that possessed by its former employee/Vice President who signed the Purported Amendment. This factual allegation, when taken as true, robs Defendant of the argument that it had a good-faith belief that Toho Tenax's former employee/Vice President had apparent authority to execute the Purported Amendment.

Indeed, established Tennessee precedent supports Toho Tenax's position as to the main issue in this case. In *Mechanics Laundry Service*, the Tennessee Court of Appeals rejected an argument that the manager of a local business had apparent authority to execute a contract and so bind the company for which he worked. The Court held that the manager was not an executive officer of the company; that he did not have the proper level of authority to execute contracts for the company; and that apparent authority did not exist because the course of conduct between the parties demonstrated that only executive officers of the respective companies signed the prior contracts into which they had entered. Given this course of conduct, the Court reasoned that apparent authority did not exist for the manager to bind the company to a contract he signed. *Mechanics Laundry Service v. Auto Glass Co. of Memphis, Inc.*, 98

6

S.W.3d 151, 157 (Tenn. Ct. App. 2002)(quoting *White v. Methodist Hospital S.*, 844 S.W.2d 642, 646 (Tenn. Ct. App. 1992) and citing *Oppenheimer v. Wooline,* 4 Tenn. Civ. App. 134 (1834)).

In summary, Toho Tenax would show that even though the burden is on Defendant to show that Toho Tenax's former employee did have apparent authority to sign the Puported Amendment, Toho Tenax has actually met the burden of showing that its former employee did not actually have such apparent authority. The facts further demonstrate that Toho Tenax never acquiesced to its former employee's actions, but rather, promptly notified Defendant that said former employee did not have authority to enter into the Purported Amendment once learning of the former employee's actions. Additionally, Toho Tenax has provided facts which show that Defendant knew or should have known that the former employee did not have this type of authority. For these reasons, Toho Tenax would respectfully show that Defendant's Rule 12(b)(6) Motion should be denied.

### III. <u>Insignificance of Four-Year Period of Continued Performance</u>

Defendant's Motion to Dismiss makes multiple references to the fact that the Purported Amendment was in place for a period of four years before Toho Tenax's President notified Defendant that the execution of the Purported Amendment by its former employee was unauthorized. Toho Tenax would respectfully show that this point is not relevant for the purposes of Defendant's 12(b)(6) motion because it speaks to factual disputes and the merits of the case which do not have a bearing on the factual sufficiency of Toho Tenax's Amended Complaint. Even if the time period was relevant,

7
Case 3:12-cv-00157-TAV-HBG   Document 13   Filed 07/30/12   Page 7 of 11   PageID #: 108

Toho Tenax's pleading are more than sufficient to explain the delay and satisfy the standards set forth in *Twombly*.

As addressed in Toho Tenax's Amended Complaint, the document at issue in this matter is a 10-year extension of a pre-existing contract which would have continued in full force and effect on the same material terms in perpetuity unless terminated in writing by either party with six months' written notice, even absent the Purported Amendment. *See Amended Complaint* at ¶¶ 9 and 12 (addressing auto-renewal/termination provisions of original agreement). For this reason, the senior, authorized officers of Toho Tenax, who were aware of the original agreement, would have had no reason to have known that the Purported Amendment had been signed until they attempted to give Defendant the required six-month notice of termination. *Id.*

As stated above, these allegations are clearly set forth in Toho Tenax's Amended Complaint, wherein Toho Tenax avers the following:

1) The Purported Amendment was an extension of a pre-existing agreement with materially identical terms (*Amended Complaint* at ¶ 12);

2) The original agreement's term expired after 10 years but continued in perpetuity unless terminated with six months' written notice by either party (*id.* at ¶ 9);

3) The original agreement could not be amended without the signature of a duly authorized representative (*id.* at ¶ 10);

4) No duly authorized representative of Toho Tenax signed the amendment (*id.* at ¶¶ 16-20); and

8

> 5) No duly authorized representative of Toho Tenax was aware of the Purported Amendment until 2011, at which time Toho Tenax's president notified Defendant of its former employee's unauthorized execution (*id.* at 20-22).

Toho Tenax would respectfully show that these allegations from the Amended Complaint go well beyond the pleading requirements set forth by *Twombly*, and leave Defendant without sufficient grounds to obtain a Rule 12(b)(6) dismissal of Plaintiff's claims.

Defendant also ignores the clear factual allegation contained in Paragraph 25 of the Amended Complaint wherein Toho Tenax states that Defendant never accepted the terms of the Purported Amendment by delivering an executed copy to Toho Tenax prior to Toho Tenax's delivery of its notice that the Purported Amendment was unauthorized. This provides yet another independent ground for Plaintiff's requested relief.[5]

Even if the Court assumes that Defendant did in fact sign the Purported Agreement and return it to Plaintiff, the level of authority held by the person signing the Purported Amendment for Defendant further reinforces Toho Tenax's argument that Defendant knew, or should have known, that the lower level employee of Toho Tenax did not have authority to sign. Defendant's attachment to the Motion to Dismiss indicates that Defendant's "Head of Markets-US & Caribbean" signed the attachment, implying that the person signing for Defendant needed some international level of

---

[5] Defendant's attachment of a different version of the Purported Agreement to its Motion than the one attached to the Amended Complaint would ordinarily convert Defendant's 12(b)(6) motion into a Rule 56 Motion. *See* Rule 12(d), Fed. R. Civil P. However, as Defendant did not authenticate the attachment to its Motion, Toho Tenax moves that the attachment to the Motion be stricken by the Court pursuant to Rule 56(c)(2), Federal Rules of Civil Procedure. Further, Toho Tenax requests that it be permitted to take discovery to inquire into the facts on this issue before the Court accept the version of the Purported Agreement attached to the Motion.

9
Case 3:12-cv-00157-TAV-HBG   Document 13   Filed 07/30/12   Page 9 of 11   PageID #: 110

authority to execute the Purported Agreement, *which is nearly identical to the claim made by Toho Tenax in the Amended Complaint, i.e. only a high level officer of the company had authority to execute such an agreement.*

## IV. Conclusion

Based upon all of the above, Toho Tenax respectfully contends that Defendant's Motion to Dismiss is without merit. Even Defendant's Motion to Dismiss actually demonstrates the existence of factual issues which must be developed through discovery, as Defendant attached to said Motion a version of the Purported Agreement, which was allegedly executed by a high ranking officer of Defendant, but is different from the Purported Agreement attached to the Amended Complaint filed by Toho Tenax. Toho Tenax would show that it has clearly complied with F.R.C.P. 8 as expounded upon by *Twombly* such that Defendant's Motion to Dismiss is not well taken.

WHEREFORE, Toho Tenax respectfully requests that this Honorable Court issue an order denying Defendant's Motion to Dismiss and granting other such relief as the Court may find just.

**Respectfully submitted**, this the 30th day of July, 2012.

TOHO TENAX AMERICA, INC.

By:

s/Cynthia Richardson Wyrick
**CYNTHIA RICHARDSON WYRICK**
**BPR#016872**
**Ogle, Gass & Richardson, P.C.**
**103 Bruce Street**
**Sevierville, TN 37862**
**(865) 453-2866**
crwyrick@ogrlawfirm.com

**Benjamin E. Nicholson, V**
**South Carolina License #**
**McNair Law Firm, P.A.**
**1221 Main Street, Suite 1800**
**Columbia, SC 29211**
**(803) 799-9800**
nnicholson@mcnair.net

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Amended Complaint has been filed with the Clerk of the Court via the CM/ECF system, which will send notification of this filing to J. Britt Phillips, Sutter O'Connell Co., 341 Cool Springs Blvd., Suite 430, Franklin, TN 37067.

This the 30th day of July, 2012.

s/Cynthia Richardson Wyrick
**CYNTHIA RICHARDSON WYRICK**