UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TOHO TENAX AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-157-TAV-HBG |
| | ) | |
| LINDE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Third Party Defendant Toho Tenax Co., Ltd.'s Motion to Dismiss the Third Party Complaint [Doc. 47] and Third Party Defendant Teijin, Ltd.'s Motion to Dismiss the Third Party Complaint [Doc. 49]. Following the filing of these motions to dismiss, defendant and third-party plaintiff Linde, Inc. ("Linde") filed a Motion to Amend Third-Party Complaint [Doc. 51], to which Toho Tenax Co., Ltd. ("TTJ") and Teijin, Ltd. ("Teijin") jointly responded in opposition [Doc. 67], and Linde replied [Doc. 72].[1] Linde also responded in opposition to TTJ and Teijin's motions to dismiss [Docs. 52, 53], to which TTJ and Teijin replied [Docs. 60, 61]. Further, Linde filed sur-replies [Docs. 68, 69], to which TTJ and Teijin responded [Docs. 73, 74].

---

[1] Notably, Linde states in its motion to amend that previously named third-party defendant Teijin, Co., Ltd. is not included in the proposed second amended third-party complaint because it does not appear to be a proper party to this matter.

In their motions to dismiss, TTJ and Teijin argue for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) on the basis that the Court lacks personal jurisdiction over them and Federal Rule of Civil Procedure 12(b)(6) on the basis that Linde fails to state a claim for relief [Docs. 47, 49]. As is pertinent to this order, Linde responded in opposition to the argument that the Court lacks personal jurisdiction over it, citing as support excerpts from the deposition of Robert M. Klawonn, the president of Toho Tenax America, Inc. ("TTA") [Doc. 55].[2] *See Hilani v. Greek Orthodox Archdiocese of Am.*, 863 F. Supp. 2d 711, 718 (W.D. Tenn. 2012) ("A plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the Court has jurisdiction."). Teijin requests permission to submit evidence outside of the pleadings in response, and the Court will allow it to do so. *Id.* (stating that "[i]n considering a properly-supported Rule 12(b)(2) motion, the Court may proceed in three ways: 'it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions'" (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n. 7 (6th Cir. 2005))). The Court declines to grant an evidentiary hearing without having received documentary evidence in support of each party's position.

Teijin also moves that the Court stay all non-jurisdictional discovery directed to Teijin until the Court rules upon the issue of personal jurisdiction, citing Federal Rule of Civil Procedure 26(c), which concerns protective orders [Doc. 74 pp. 4–5]. In support,

---

[2] TTJ abandoned its personal jurisdiction argument in light of this deposition excerpt [Doc. 60 p. 2].

Teijin submits that Linde has served it with requests for admission, interrogatories, and requests for production of documents and that, as a foreign company, it would be burdened by having to respond to these items before the Court determines whether it has jurisdiction over Teijin [*Id.* at 4].

The Court notes that "the scope of discovery is within the sound discretion of the trial court." *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989). Rule 26(c) permits the Court to enter a protective order staying discovery upon a showing of good cause. *In re First Energy S'holder Derivative Litig.*, 219 F.R.D. 584, 587 (N.D. Ohio 2004). "The party moving for the protective order bears the burden of showing good cause." *Id.* The Court does not find that Teijin has shown that the burden of having to respond to Linde's requests for admission, interrogatories, and requests for production of documents constitutes good cause for halting all non-jurisdictional discovery as to Teijin pending the Court's ruling on its personal jurisdiction argument.

Notably, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010). Moreover, it strikes the Court that discovery bearing upon the merits of this dispute may also be relevant to the issue of jurisdiction. For example, Teijin argues that it was insufficiently involved in the decision to close the TTA lines of production for this Court to assert jurisdiction or for Linde to assert a valid claim against it. As the Court endeavors to determine whether Teijin is subject to this Court's jurisdiction, Teijin's

3

responses to what it deems non-jurisdictional discovery may prove relevant.  And finally, when making a motion under Rule 26(c), a party "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c).  Teijin's request for Rule 26(c) relief does not include such a certification, and in fact, because Teijin made this request in its response to Linde's sur-reply, Linde has not responded to this request.  In light of the foregoing, the Court will deny Teijin's motion to stay discovery.

For the reasons stated herein, Teijin's motion to stay discovery is hereby **DENIED**.  Teijin is **ORDERED** to submit any evidence in reply to Linde's response to Teijin's Rule 12(b)(2) motion within **fourteen (14) days** of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE